*NOLTE & AL.* vs. *THEIR CREDITORS.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The syndics having filed an amended tableau of distribution of the proceeds of a cotton press establishment, Beckman opposed its homologation, urging that over and above the sum for which he is therein placed, he is a creditor of the insolvent for $1307 50, for

*If a cause be remanded, with directions to amend the tableau according to the principles laid down by the supreme court, the district court has no authority to touch the tableau in other parts.*

which he has a privilege on the proceeds of the sale of said establishment: being the amount allowed him for employing an engineer to go to New York (after the failure) and bringing and fixing an engine. And also, because the dwelling house was not completed until nine months after the commencement of the lease given by the insolvents, and part of the sheds and warehouses were not completed during the same period, and by a compromise with the syndics, the lease for three years, at $5000 per year, (by which he was entitled to deduct his claim out of the first year's rent) was changed into a lease for two years, at $7,500 a year, whereby the establishment was sold for a higher price. Further, that the said sum of $1307 50 was allowed to him on the original tableau, which cannot be amended or altered.

The district court was of opinion that the sum now claimed was to be deducted from the first year's rent of the cotton press establishment; but as this first year's rent was by the consent of the opposing creditor merged in those of the second and third years, and the privilege lost by novation, the opposition was therefore dismissed. Beckman appealed.

His counsel urges that the claim for $1307 50 Eastern Dist.
*April* 1829.

NOLTE & AL.
vs.
their credit's: placed on the original tableau, has passed *in rem judicatam*, as it was admitted by the syndics, and not touched by the judgment of the district court or ours. That our judgment having directed the original tableau to be modified according to the principles laid down in this court, the judge *a quo* was without authority to modify it in any part to which these principles were inapplicable.

In the case of *Saul* vs. *His Creditors*, *ante* 425, we held that when an opposition was made, and the opposing creditor claimed a certain sum, *with interest*, and was allowed the principal, without speaking of the *interest*, the latter was rejected—in other words, what was not admitted was disallowed.

In the present case, the appellant was placed on the tableau as a creditor for $1307 50. An opposition was made, but not sustained. No appeal was taken, and the tableau was homologated. From this judgment of homologation an appeal was taken by opposing creditors, whose claims were wholly or partially disallowed, or who contested other claims. We were of opinion that some of these opposi-

tions were improperly disallowed, and with a view to correct the errors of the inferior court, we reversed the judgment, and sent back the case, with directions to the district court, to amend the tableau according to the principles we had established, in order that justice might be done to the appellants on the points they complained of.

As to the parts of the tableau which we did not notice, and which are unaffected by the amendments we directed, the judgment of the district court wasaffirmed, and now forms *rem judicatam*, and the district court was without authority to amend.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case remanded, with directions to the judge to correct the amended tableau, so as to allow the appellant a place therein as a creditor of the sum of $1307 50, which he occupied in the original tableau. The appellees paying costs in this court.

*Pierce, Eustis & Morse* for the plaintiffs— *Lockett, Preston & Seghers* for defendants.